IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD LEWIS KESTLER, ) <br> ) <br> ) <br> Defendant. | Case No. CR-23-091-PRW |

### ORDER

Before the Court is the United States' Motion for a Preliminary Order of Forfeiture (Dkt. 28). Under Federal Rule of Criminal Procedure 32.2, and based upon the evidence already in the record, including Defendant Richard Lewis Kestler's plea of guilty, the Court makes the following determinations.

As a result of Defendant Kestler's May 18, 2023, guilty plea to Count 1 of the Indictment filed March 9, 2023, for which the United States sought forfeiture, Defendant Kestler shall forfeit to the United States any firearms and ammunition involved in the commission of the offense, including but not limited to the following:

    1)    a Ruger, model Redhawk, .44 Magnum caliber revolver, bearing serial number 500-78988;

    2)    a Bond Arms, model Snake Slayer IV Derringer, .45/410 caliber pistol, bearing serial number 34440;

    3)    a Springfield Amory, model MIA, .308 caliber rifle, bearing serial number 299678;

    4)    a Winchester, model 63, .22LR caliber rifle, bearing serial number 88795A; and

    5)    any and all ammunition and magazines not specified herein.

The Court determines, based on the Defendant's plea and the record, that the above specific property (the "Subject Property") is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), and that the United States has established the requisite nexus between such property and the offense to which Defendant Kestler pleaded guilty.

The entry of this preliminary order of forfeiture authorizes the United States Attorney General (or a designee) to seize the Subject Property or to take any actions allowed under Federal Rule of Criminal Procedure 32.2(b)(3). The entry of this preliminary order of forfeiture also authorizes the United States to commence any applicable proceedings to comply with Title 21 United States Code, Section 853(n) governing third-party rights, including giving notice of this order.

The United States shall publish on the United States' official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this order and notice of the United States' intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written

notice to any person known to have an alleged interest in the Subject Property, pursuant to Title 21, United States Code, Section 853(n)(1).

The United States' notice must comply with Federal Rule of Criminal Procedure 32.2(b)(6). Because the Court orders the forfeiture of specific property, the United States must publish notice of this order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6).

Any person, other than Defendant Kestler, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice under Title 21, United States Code, Section 853(n)(1), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2)–(6).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n)(3).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none are asserted, following the expiration of the period provided in Title 21, United States Code, Section 853(n), for the filing of third-party petitions, pursuant to Title 21, United States Code, Section 853(n)(7).

Under Federal Rule of Criminal Procedure 32.2(b)(4), this preliminary order of forfeiture shall become final as to Defendant Kestler at sentencing—or at any time before sentencing, if Defendant Kestler consents—and the Court will address the forfeiture when it orally announces the sentence or will otherwise ensure that Defendant Kestler knows of the forfeiture at sentencing. The Court will also include the forfeiture order, directly or by reference, in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED** this 17th day of August 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE